United States District Court
Middle District of Florida
Jacksonville Division

**SYLVIA M. KITT,**

 *Plaintiff,*

V.                 NO. 3:17-CV-909-J-PDB

**RICHARD V. SPENCER,**

 *Defendant.*

---

# Order

In this action transferred from the United States District Court for the District of Columbia, Doc. 3, Sylvia Kitt, proceeding pro se and in forma pauperis, sues the Secretary of the Navy, Doc. 10.

The Court previously directed Ms. Kitt to file an amended complaint because the original complaint, filed on June 26, 2017, Doc. 1, failed to comply with pleading standards and failed to state a plausible claim. Doc. 7. She filed an amended complaint. Doc. 10.

Now before the Court is the Secretary of the Navy's motion to dismiss, Doc. 17, and Ms. Kitt's response in opposition, Doc. 20. The Court previously explained that, because the Secretary asks the Court to consider matters outside the pleadings, the Court will treat the motion to dismiss as a motion for summary judgment. Doc. 35. In accordance with Federal Rule of Civil Procedure 12(d), the Court provided the parties an opportunity to present all material pertinent to the motion. Doc. 35. Only Ms. Kitt filed something more. Doc. 36.

## Amended Complaint

In the amended complaint, Ms. Kitt alleges the following facts.

In August 2007, the Navy removed Ms. Kitt from service as a Sheet Metal Mechanic. Doc. 10 ¶¶ 1, 11. With assistance of counsel, she challenged her removal before the Merit Systems Protection Board (MSPB). Doc. 10 ¶ 1.

An MSPB administrative judge (AJ) found error and reversed the removal decision. Doc. 10 ¶ 1; *see Kitt v. Dep't of Navy*, MSPB Docket No. AT-0752-07-0985-I-2, 2008 WL 1774561, Mar. 19, 2008.[1] In lieu of trial, the parties entered into a settlement agreement. Doc. 10 ¶ 1. Under the agreement, the Navy agreed to return to the status quo, erasing information about Ms. Kitt's removal from her personnel file and permitting her to return to work as if nothing had happened. Doc. 10 ¶ 1.

In April 2008, Ms. Kitt returned to work, and the Navy assigned her to the place where she had worked before. Doc. 10 ¶ 2. But she never went there, having been told instead to report to the "Weld Shop." Doc. 10 ¶ 2. There, she was cleared to access the computer for unclassified information, and the supervisor, Stephen Griffin, verified her clearance. Doc. 10 ¶¶ 2, 3.

---

[1] Under Federal Rule of Evidence 201, at any stage of a case and on its own, a court may judicially notice a fact that cannot be reasonably disputed because it either is generally known or can be readily and accurately determined from sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b)–(d).

In the amended complaint, Ms. Kitt references several MSPB decisions. *See* Doc. 10 ¶¶ 1, 4, 5, 7–9. She includes two of the decisions with the original complaint. *See* Doc. 1 at 47–55 (*Kitt v. Dep't of Navy*, MSPB Docket No. AT-0752-11-0170-I-1, 2011 WL 5901597, July 7, 2011); 56–60 (*Kitt v. Dep't of Navy*, MSPB Docket No. AT-0752-11-0170-C-2, 2012 WL 6930756, Oct. 23, 2012). The Court takes judicial notice of these and other MSPB decisions because they are helpful to understanding Ms. Kitt's amended complaint. Their existence can be readily and accurately determined from MSPB records, which are sources whose accuracy cannot reasonably be questioned.

In September 2008, Mr. Griffin directed Ms. Kitt to complete an application for a security clearance. Doc. 10 ¶ 2. The application was denied. Doc. 10 ¶ 3.

In December 2010, the Navy removed Ms. Kitt from service for failure to obtain a security clearance. Doc. 10 ¶ 3. The Navy claimed others had been removed around that time for that reason, but all except one were not in her group, were removed for misconduct, and "repeatedly committed these offenses before being allowed to resign, retire or be fired." Doc. 10 ¶ 8. The one who had been in her group had been allowed to resign to avoid reprimand for misconduct, poor workmanship, and multiple charges of pornography on a government computer. Doc. 10 ¶ 8.

Ms. Kitt challenged her second removal before the MSPB, this time without counsel. Doc. 10 ¶ 4; *see Kitt v. Dep't of Navy*, MSPB Docket No. AT-0752-11-0170-I-1, 2011 WL 5901597, July 7, 2011. She based her challenge on the timing of the requirement she apply for a security clearance. Doc. 10 ¶ 4. An AJ indicated a hearing on the challenge would address both timing and whether a security clearance was required for Ms. Kitt's position. Doc. 10 ¶ 4.

At the hearing, the Navy presented no documents indicating Ms. Kitt needed to access classified information. Doc. 10 ¶ 4. Geralyn Sacks, Command Security Manager, did not indicate Ms. Kitt needed to access classified information. Doc. 10 ¶ 4. And in an affidavit, Mary Hamilton, Supervisor Human Resource Specialist, verified an agency email from February 2010 explaining that the Navy "did not start applications until late 2011." Doc. 10 ¶ 5.

In a July 7, 2011, decision, the AJ found the Navy had failed to establish that a security clearance was required for Ms. Kitt's position. Doc. 10 ¶ 4; *see also* Decision at 2, 2011 WL 5901597. The AJ ordered the Navy to cancel Ms. Kitt's removal and restore her to her position, effective July 10, 2010. Decision at 4, 2011 WL 5901597.

In a September 2, 2011, decision, the MSPB found the Navy had materially breached the settlement agreement by failing to erase removal information from Ms.

3

Kitt's personnel file. Doc. 10 ¶ 1; *see Kitt v. Dep't of Navy*, MSPB Docket No. AT-0752-07-0985-C-1, 116 MSPR 680, Sept. 2, 2011. An Equal Employment Opportunity (EEO) investigation likewise found a breach. Doc. 10 ¶ 3.

In November 2011, the Navy finally erased the removal information from Ms. Kitt's personnel file. Doc. 10 ¶ 3; *see Kitt v. Dep't of Navy*, MSPB Docket No. AT-0752070985-B-1, 2011 WL 7091667, Nov. 30, 2011.

According to Ms. Kitt, "These actions" (she does not specify which ones) "prove that the agency acted discriminately, reprisively [sic] and effected action which adversely impacted [her] following protected activity[,] and the agency action followed the protected activity within such a period of time that a retaliatory motive can be inferred." Doc. 10 ¶ 6.

Ms. Kitt was placed on administrative leave and then "placed in a high temperature, contracted warehouse." Doc. 10 ¶ 9. She informed the Navy that if her security clearance was not restored, the Navy might have to take further steps to comply with the settlement agreement, such as obtaining a waiver under SECNAV M-5510.30, § 1-10 ("Waivers"), which provides: "When a commanding officer finds that fulfilling the requirement of the regulation will result in an untenable sacrifice of operating efficiency, or when there are other good and sufficient reasons, a waiver of a specific requirement may be requested from the Chief of Naval Operations (NO9N2) via the administrative chain." Doc. 10 ¶ 9.

In January 2012, the Navy generated an external, one-sentence email to the Department of the Navy–Central Adjudication Facility. Doc. 10 ¶ 7. In the email, the Navy asked for reconsideration of Ms. Kitt's application so her eligibility to perform sensitive duties could be restored. Doc. 10 ¶ 7. The email contained no detail, no justification, no mention of the settlement agreement, no mention of the breach of the agreement, and no request for an exception. Doc. 10 ¶¶ 7, 9.

In an October 23, 2012, recommendation, the AJ found the Navy had failed to prove it had complied with the July 7, 2011, decision, explaining that, to comply, the Navy had to return Ms. Kitt to her former position or a substantially similar one. Doc. 10 ¶ 9; *see Kitt v. Dep't of Navy*, MSPB Docket No. AT-0752-11-0170-C-2, 2012 WL 6930756, Oct. 23, 2012.

The Navy never returned Ms. Kitt to her previous position or a substantially similar one, never sought a waiver, and never explained its failures. Doc. 10 ¶ 9. According to her:

> The agency committed harmful error when it removed [her] in 2007. The agency compounded the injury when it breached the settlement agreement between itself and [her]. The agency continued to injure [her] when it allowed an application for security clearance investigation that was not required by [her] position. The agency has shown total disregard and disrespect to the [AJ] who reversed their action and found them in non-compliance. The agency has not followed its own rules and regulations. All of these acts by the agency adversely impacted upon [her] following the protected activity and the agency actions followed the protected activity within such a period of time that a retaliatory motive can be inferred.

Doc. 10 at 4.

Ms. Kitt demands reinstatement to her position as a Sheet Metal Mechanic until she can submit retirement paperwork; pay and benefits since December 10, 2013; $300,000 in "Non-Pecuniary Damages"; and $3,500,000 for "undue emotional stress," "apprehension and anxiety," "loss of self-esteem," "humiliation," "all of the many inconveniences of being removed from her position," "[i]njury to her character and reputation," "loss of future earnings potential," "loss of enjoyment of life," and "ultimately being rendered unable to care and provide for her children." Doc. 10 ¶ 11.

**The Secretary's Motion and Ms. Kitt's Responses**

To his motion, the Secretary attaches a November 23, 2016, decision by the Equal Employment Opportunity Commission (EEOC) affirming an April 6, 2016,

5

final decision by the Navy on a complaint filed by Ms. Kitt on August 18, 2010.[2] Doc. 17-1. In its decision, the EEOC presents the issue as: "Whether the [April 6, 2016, final decision] properly found that [Ms. Kitt] was not subjected to discrimination on the bases of race (African American), sex (female), and reprisal for prior EEO activity when, on June 10, 2010, she was removed from her position for failing to successfully obtain a security clearance, or for being ineligible to be assigned to a sensitive position." Doc. 17-1 at 2. The EEOC found the April 6, 2016, decision "properly found that [Ms. Kitt] failed to demonstrate that she was subjected to discrimination when on June 10, 2010, she was removed from her position for failing to successfully obtain a security clearance or eligibility to be assigned to a sensitive position." Doc. 17-1 at 6. The EEOC explained to Ms. Kitt:

> You have the right to file a civil action in an appropriate United States District Court within ninety (90) calendar days from the date that you receive this decision. If you file a civil action, you must name as the defendant in the complaint the person who is the official Agency head or department head, identifying that person by his or her full name and official title. Failure to do so may result in the dismissal of your case in court. "Agency" or "department" means the national organization, and not the local office, facility or department in which you work. If you file a request to reconsider and also file a civil action, filing a civil action will terminate the administrative processing of your complaint.
>
> …
>
> For timeliness purposes, the [EEOC] will presume that this decision was received within five (5) calendar days after it was mailed.

Doc. 17-1 at 7, 9.

On the first page of the decision is a date stamp with the words, "NAVOECMA RECEIVED," and the date, "Jan 18 2017." Doc. 17-1 at 2. On the last page of the decision is a certification that the decision was mailed on November 23, 2016, to Ms. Kitt at

---

[2] Ms. Kitt attached the Navy's April 6, 2016, final decision to her original complaint. *See* Doc. 1-1 at 1–12.

3895 Winona Drive, Pensacola, Florida 32504 (the same address she uses for this action, Doc. 1 at 1), and to a representative of the Navy at 614 Sicard Street Southeast, Suite 100, in Washington, D.C.[3] Doc. 17-1 at 9. The Secretary also attaches an envelope from the EEOC to the representative at the Washington, D.C., address with a postmark of January 9, 2017. Doc. 17-1 at 10.

The Secretary argues any claims Ms. Kitt attempts to bring under Title VII, 42 U.S.C. § 2000e, are untimely because she did not sue within 90 days of receiving the EEOC decision, instead waiting until June 26, 2017, to file the original complaint. Doc. 17 at 4–6. The Secretary also argues this Court is without jurisdiction to review any claims Ms. Kitt attempts to bring to challenge an adverse employment action brought before the MSPB under the Civil Service Reform Act of 1978 (CSRA), 5 U.S.C. §§ 1101 et seq., and, further, they are untimely. Doc. 17 at 7–8. The Secretary seeks dismissal with prejudice. Doc. 17 at 8.

Ms. Kitt responds she "filed documents as they came to her knowledge" and "believes she met all deadlines and requirements for filing her complaint." Doc. 20 at 1. She adds procedural history and facts omitted from the Secretary's motion but included in the amended complaint. Doc. 20 at 1. She observes she is proceeding without a lawyer and does not practice law. Doc. 20 at 1. She concludes, "The agency has harmed [her] since August of 2007 to date and [she] should be heard and awarded her claims and requests." Doc. 20 at 1.

After the motion and the response were filed, the Secretary, without objection by Ms. Kitt, filed an envelope from the EEOC to Ms. Kitt at the Pensacola address referencing the appeal number and postmarked January 9, 2017, Doc. 31-1.

---

[3]The Secretary also attaches an October 3, 2014, final decision by the Navy on a complaint filed by Ms. Kitt on March 13, 2013, in which she claimed discrimination based on race, sex, and EEO activity in 2008, 2011, and 2012, and harassment. Doc. 17-2. According to the Secretary, "No further appeals followed, and no MSPB proceedings followed[.]" Doc. 17 at 3.

7

In response to the order explaining the Court will treat the motion to dismiss as a motion for summary judgment, Ms. Kitt filed an unsworn statement:

> In response to the Motion for Summary Judgement the Plaintiff submits that she has submitted []in accordance with 12(b)(6) a preponderance of evidence that the agency has acted in a Discriminate and Retaliatory Manner. The evidence shows that she has been treated in a Disparate Manner and she must be made whole and awarded as per her remedy requested. Plaintiff believes she has met all dates and deadlines in accordance with receipt and knowledge of documents from the courts. In accordance with 12(b)(1) [plaintiff is a Pro Se Litigant and she requested court appointed counsel in both districts and was denied] she trusted that her case was being properly transferred by the courts. U.S. District Court District of Columbia transferred her case to U.S. District Court for Middle District of Florida Tallahassee Division who then transferred her case to U.S. District Court for Middle District of Florida Jacksonville Division.

Doc. 36.

## Law & Analysis

A court must hold a complaint drafted by a pro se plaintiff to a less stringent standard than one drafted by a lawyer. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But a court may not rewrite a deficient complaint or otherwise serve as de facto counsel. *GJR Investments, Inc. v. Cty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds by Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Because Ms. Kitt proceeds pro se, the Court holds the amended complaint to a less stringent standard than one drafted by a lawyer but refrains from rewriting the amended complaint or otherwise serving as de facto counsel for Ms. Kitt.

A court must grant summary judgment on a claim or defense "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion" by citing depositions, affidavits, stipulations, or other materials or by showing "the materials

8

cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). In deciding a motion for summary judgment, a court must draw all inferences and review all evidence in the light most favorable to the nonmovant. *Ft. Lauderdale Food Not Bombs v. City of Fort Lauderdale*, 901 F. 3d 1235, 1239 (11th Cir. 2018).[4]

Federal law prohibits "discrimination in [federal] employment because of race, color, religion, sex, national origin, age, disability, or genetic information" and "retaliation for opposing any practice made unlawful by title VII of the Civil Rights Act … or for participating in any stage of administrative or judicial proceedings under [Title VII]." 29 C.F.R. § 1614.101.

Before suing in court, a federal employee first must seek relief from the agency where the alleged discrimination or retaliation occurred. *Ramirez v. Sec., U.S. Dep't of Transp.*, 686 F.3d 1239, 1243 (11th Cir. 2012). If the employee pursues the matter to a final decision of the EEOC, the employee may sue in court, but must do so within 90 days of receipt of the decision. 42 U.S.C. §§ 2000e-16(c), 2000e-5(f)(1); 29 C.F.R. § 1614.407(c); *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 149 (1984).

The 90-day period starts to run when the employee receives the decision. *Zillyette v. Capital One Fin. Corp.*, 179 F.3d 1337, 1339 (11th Cir. 1999). If the receipt date is unknown, a court may apply a rebuttable presumption. *See Baldwin Cty.*, 466 U.S. at 148 n.1 (applying 3-day presumption in Federal Rule of Civil Procedure 6(e)).

---

[4]Even in the absence of a motion to dismiss or for summary judgment, a court "shall" dismiss an action by a plaintiff proceeding in forma pauperis "at any time" if the court determines the action is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant immune from that relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if "the plaintiff's realistic chances of ultimate success are slight," including if an affirmative defense will defeat the action. *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 (11th Cir. 1990) (internal quotation marks omitted). A court applies Rule 12(b)(6) standards to this analysis. *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008).

If an employer challenges the timeliness of a complaint, the employee must show timeliness. *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005).

The 90-day period is not jurisdictional and is subject to equitable tolling. *Brown v. John Deere Prod., Inc.*, 460 F. App'x 908, 909 (11th Cir. 2009). A plaintiff's pro se status is not an independent basis for equitable tolling; "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin Cty.*, 466 U.S. at 147. The Eleventh Circuit has refused to equitably toll limitations periods simply because the plaintiff was not represented by counsel. *See Bryant v. United States Dept. of Agric.*, 967 F.2d 501, 504 (11th Cir.1992).

Construing Ms. Kitt's amended complaint liberally to account for her pro se status, she appears to claim the Navy retaliated against her because of her EEO activity by removing her from her position for failing to obtain a security clearance or for ineligibility for assignment to a sensitive position. *See generally* Doc. 10. She does not claim discrimination based on sex or race, as she does not mention her sex or race and makes no allegation that any action was taken because of her sex or race. *See generally* Doc. 10. She states a plausible claim for retaliation—or at least probably could state such a claim if given additional leave to amend her pleading under the liberal amendment standards of Rule 15(a).[5]

---

[5]In his motion to dismiss, the Secretary argues the amended complaint "fares no better than the original Complaint in its attempt to conform with the pleading standard" because Ms. Kitt "fails to specify which facts support her claim or clearly state the cause of action which she seeks to bring." Doc. 17 at 6. The Secretary construes her complaint to raise discrimination and retaliation claims under Title VII and argues she has not set forth "the elements of a prima facie claim" and that the amended complaint is dismissible. Doc. 17 at 6–7. In the dismissal context, "[a] Title VII complaint need not allege facts sufficient to make out a classic prima facie case, but must simply provide enough factual matter to plausibly suggest intentional discrimination." *Evans v. Ga. Reg'l Hosp.*, 850 F.3d 1248, 1253 (11th Cir. 2017).

10

But the Secretary contends, and the Court agrees, that Ms. Kitt's claims were encompassed by the EEOC's November 23, 2016, decision, and she filed the June 6, 2017, complaint too late. Doc. 17 at 4–6; *compare* Doc. 10 (amended complaint) *with* Doc. 17-1 (EEOC's decision).

Viewing the evidence provided by the Secretary in the light most favorable to Ms. Kitt, she received the EEOC's decision on January 14, 2017 (five days after the postmarked date), or on January 18, 2017 (when the Navy stamped its receipt of the EEOC's decision). *See* Doc. 1 at 1; Doc. 17-1 at 2, 9; Doc. 31-1 at 2. Using the later date, Ms. Kitt had to sue by April 18, 2017 (90 days after January 18, 2017). *See* 42 U.S.C. §§ 2000e-16(c); 29 C.F.R. § 1614.407(c); *Baldwin Cty.*, 466 U.S. at 149. She did not, instead suing on June 6, 2017. Doc. 1. Despite the Secretary's challenge to timeliness, Ms. Kitt offers no evidence of actual receipt that would indicate timeliness or equities that would warrant tolling. Any claims she seeks to bring under Title VII based on the allegations are time-barred.

Ms. Kitt points to court transfers as the possible cause for delay, Doc. 36 at 1, but no transfer has been held against her; the Court uses the date she filed her complaint in the District of Columbia—June 26, 2017—as the date she filed suit. Ms. Kitt also points to her pro se status, Doc. 36 at 1, but that alone is no basis for tolling. *See Baldwin Cty.*, 466 U.S. at 147; *Bryant*, 967 F.2d at 504.

The Court does not construe Ms. Kitt's amended complaint to challenge any MSPB decision and therefore refrains from addressing the Secretary's argument that any such challenge is both time-barred and outside the Court's jurisdiction.

**Conclusion**

The Secretary's motion to dismiss, Doc. 17, treated as a motion for summary judgment, Doc. 35, is **granted**. The Court **directs** the clerk to enter judgment for Richard V. Spencer and against Sylvia M. Kitt and close the file.

**Ordered** in Jacksonville, Florida, on April 9, 2019.

PATRICIA D. BARKSDALE
*United States Magistrate Judge*

c:   Counsel of record

   Sylvia M. Kitt
   3895 Winona Drive
   Pensacola, FL 32504